SMITH, Justice:
Andrew Thomas, Jr. was tried in the Circuit Court of Jackson County on a charge of burglary. He was convicted and sentenced to serve a term of 5 years in the penitentiary. He appeals.
At 2:30 in the morning, patrolling officers noticed that the door of the Bar 16 Cafe was ajar. Entering the cafe to investigate, the officers found Thomas kneeling by the jukebox with a tire tool in his right hand and a knife in his left. It was discovered that the cafe door had been “jimmied” with a screwdriver or some similar instrument. Thomas was arrested and was found to have a pair of pliers in his pocket. On further investigation, the officers found one Moses Frederick, referred to in the record as “Freddie,” a teenager, hiding in the icebox.
Thomas told the officers that he had entered to investigate and had “scared” two people out the back door. At that time he did not mention Freddie. However, testifying as a witness in his own behalf at his trial, he stated that when he had entered he had found Freddie already in the cafe.
While confined in jail awaiting trial, Thomas and Freddie had several conversations with each other, and when the latter was moved “upstairs” Thomas wrote him the following note:
“Freddie listean, is you going to tell my lawyer what i told you if you do i can get out, you no i am going to help you. And also you no i havent lied to you so far. You see if you tell them they still cant do no more to you. the only thing the can charge you with is the Police Badge, i will do all i can to help you (and that is a promise)”
After identification of the note by Thomas on cross-examination, it was introduced by the State, with the consent of the defendant. On redirect examination, Thomas was asked by his counsel to “explain what did you mean?” (by the note). An objection was interposed at this point and was sustained by the court.
The action of the trial court in sustaining this objection is assigned and argued as having constituted prejudicial error, requiring reversal.
This might have presented a serious question but for the fact that elsewhere in the record, without objection, Thomas explained at length and in detail what it was that he had wanted Freddie to do. He said that he had wanted Freddie to support him in his statement that he had not participated with Freddie in breaking and entering the cafe.
If it was error on the part of the trial court to sustain the objection to the specific question referred to, any prejudicial effect which may have resulted was removed by this testimony of Thomas, which made it clear that he desired Freddie to say that he, Thomas, had nothing to do with the burglary.
The only other assignment of error is that the verdict was against the overwhelming weight of the evidence. However, the evidence was ample to support the conviction and, no prejudicial error having occurred in the course of the trial, the conviction appealed from must be affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and BROOM, JJ., concur.